Criminal Case Template














COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS





THEODIS KEVIN BOWMAN,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.

§


§


§


§


§

No. 08-02-00162-CR


Appeal from the


Criminal District Court No. Three


of Dallas County, Texas


(TC# F01-01786-IJ)



M E M O R A N D U M O P I N I O N


 This is an appeal from a conviction for the offense of aggravated sexual assault. Upon
a finding of guilty by a jury, the jury set punishment at fifty (50) years' confinement and a
$10,000 fine. We affirm the judgment of the trial court. 

I. SUMMARY OF THE EVIDENCE

 The record establishes that on January 4, 2001, W.R., a fourteen-year-old girl was
traveling to visit a friend, by bus, in Dallas County, Texas. When she got off the bus and
started walking down the street, Appellant drove up beside her, rolled down his window,
pointed a gun at her and said, "Bitch, get in." The record shows that the victim got into
Appellant's truck, was offered beer and marijuana, and was told that he wanted to have sex
with her. The victim testified that she declined his offers. 

 The victim further testified that Appellant drove around with a gun on his lap and
proceeded to a wooded area where he parked his truck. She stated that Appellant scooted the
passenger seat back and put his arm around her. She felt the blade of a knife in the process.
Appellant then told her to take her clothes off so she took her pants off her left leg but not
her right leg because of an injury. She left her top on. She testified that they had sex, but
that it did not hurt, and that she thought that Appellant had ejaculated. After approximately
ten minutes, he got up and offered to drive her where she wanted to go. Appellant then drove
the victim to her mother's church where the incident was reported. Days later, the victim was
interviewed by a detective at which time she identified photographs of Appellant as well as
his vehicle.

 The evidence further showed that Appellant provided law enforcement with a
voluntary statement which was admitted into evidence. Detective Jerry Williams of the
Dallas Police Department, Child Exploitation Office, testified that Appellant told him that
the sex was consensual and that there had been offers of beer and marijuana and that the
victim requested that Appellant give her something in return for the sex act. 

 In rebuttal, Appellant recalled the victim, W.R. to testify. On examination, she
admitted that on or about January 4, 2001, she was doing some heavy drinking and using
marijuana and that she was not attending school as required by law. She testified that she
was not under the influence of alcohol or drugs at the time of the alleged offense. 

 Appellant testified in his own defense. He stated that he picked up the victim and that
she had sex with him. He testified that he did not have sex with her, consciously, but that she
had sex with him. He stated that he did not force her into his car at gunpoint nor did he ever
hold a knife to her. Appellant testified that he understood that he was guilty of having sex
with someone under the age of 17, and that he understood that just because the sex was
consensual, that did not make it legal. Finally, he testified that he was not guilty of sexual
assault as it was defined because he did not have sex with her, but she had sex with him. 

 After the conclusion of all the evidence, the jury found Appellant guilty of the lesser
included offense of sexual assault. At the punishment phase the jury heard evidence which
included evidence of Appellant's prior felony conviction. Punishment was assessed by the
jury at fifty (50) years' confinement and a $10,000 fine. 

II. DISCUSSION


 In a sole issue on review, Appellant maintains that the trial court erred during the
punishment phase of trial in excluding evidence of the victim's prior sexual history.
Specifically, Appellant suggests that the evidence was admissible to rebut other evidence as
to how the sexual assault affected the victim in the instant case. (1)

 Rule 412 of the Texas Rules of Evidence states in pertinent part as follows:

 (a) Reputation or Opinion Evidence. In a prosecution for sexual assault or
aggravated sexual assault, or attempt to commit sexual assault or aggravated
sexual assault, reputation or opinion evidence of the past sexual behavior of
an alleged victim of such crime is not admissible.


 (b) Evidence of Specific Instances. In a prosecution for sexual assault or
aggravated sexual assault, or attempt to commit sexual assault or aggravated
sexual assault, evidence of specific instances of an alleged victim's past sexual
behavior is also not admissible, unless:


 (1) such evidence is admitted in accordance with paragraphs (c) and (d) of this
rule;


 (2) it is evidence:


 (A) that is necessary to rebut or explain scientific or medical
evidence offered by the State;

 (B) of past sexual behavior with the accused and is offered by the
accused upon the issue of whether the alleged victim consented
to the sexual behavior which is the basis of the offense charged;

 (C) that relates to the motive or bias of the alleged victim;

 (D) is admissible under Rule 609; or

 (E) that is constitutionally required to be admitted; and


 (3) its probative value outweighs the danger of unfair prejudice. 


Tex. R. Crim. Evid. 412(a)


 As noted above, Appellant concedes that evidence of the victim's prior sexual history
was inadmissible in the guilt-innocence phase of the proceedings, pursuant to Rule 412. On
review, rather than urging that such testimony fell within the parameters of Rule 412,
Appellant suggests that such evidence was admissible to establish a diminished level of
victimization by the fourteen- year-old girl, simply because she had had sexual intercourse
on at least one prior occasion. (2) We strongly disagree, and overrule Appellant's sole issue on
review. See Boyle v. State, 820 S.W.2d 122 (Tex. Crim. App. 1989); and, Pinson v. State,
778 S.W.2d 91, 93-94 (Tex. Crim. App. 1989).

 Having overruled Appellant's sole issue on review, we affirm the judgment of the trial
court.

February 24, 2004



 __________________________________ 
 RICHARD BARAJAS, Chief Justice


Before Panel No. 4

Barajas, C.J., Larsen, and McClure, JJ.


(Do Not Publish)
1. On appeal, Appellant readily acknowledges that the trial court was correct in excluding evidence of the
young victim's prior sexual history during the guilt-innocense stage of trial noting that "the fact that the complainant
had had prior sexual intercourse had no bearing on whether or not the Appellant had sexual intercourse with her on
January 4, 2001 while she was a minor." 
2. Appellant suggests, without citing any authority, that in the instant case evidence of the child victim's
prior sexual history was admissible in order to "rebut how the assault affected her."